UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FREDERICK LESTER LEDAY**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 11-440**

**GARY COOK, ET AL.**                                   **SECTION "J"(1)**

REPORT AND RECOMMENDATION

Plaintiff, Frederick Lester LeDay, filed this civil action pursuant to 42 U.S.C. § 1983.  He has named as defendants Lieutenant Gary Cook, Sheriff Newell Normand, Shift Sergeant H. Sylve, and Deputies T. Kelly, Candice Emmanuel, Lance Grandsart, A. Farris, E. Ussin, B. Cohen, C. Simmons, Lewis Ancar, R. Calcagno, B.S. Johnson, and P. Matherne.  In this lawsuit, plaintiff claims that his rights were violated when his personal property was destroyed during a shakedown at the Jefferson Parish Correctional Center.

Pursuant to this Court's order, the parties have filed cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56.  Rec. Docs. 53 and 56.

I.  Summary Judgment Standards

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## II.  Claims Based on Destruction of Legal Materials

To the extent that plaintiff is asserting claims for the destruction of legal materials necessary for his criminal defense, such claims are cognizable in a federal forum. For example, an arrested person is allowed to assert a due process claim for the bad-faith destruction of exculpatory evidence if he was left unable demonstrate his innocence in alternate ways. See United States v. Thompson, 130 F.3d 676, 686 (5th Cir. 1997); see also United States v. Price, 298 Fed. App'x 931, 937 (11th Cir. 2008); United States v. Mejia, 291 Fed. App'x 79, 81 (9th Cir. 2008); United States v. Ossai,

485 F.3d 25, 28 (1st Cir. 2007); United States v. LaVallee, 439 F.3d 670, 699 (10th Cir. 2006); United States v. Stewart, 388 F.3d 1079, 1085 (7th Cir. 2004).

That said, as the defendants correctly note in their motion, such claims must nevertheless be considered in light of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted).

Because plaintiff stands convicted of the criminal charge against him, any claims for the destruction of exculpatory evidence are currently barred by Heck. In a similar case filed by inmate Steven Hamilton against Lt. D. Lyons, the United States Fifth Circuit Court of Appeals explained:

> Hamilton also alleges that Lyons violated his constitutional rights by altering and destroying evidence relevant to the charges against him. Convictions tainted by the suppression, destruction, or alteration of material evidence violate a defendant's Fourteenth Amendment right to due process. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). If we were to find that Lyons altered and destroyed evidence relevant to the charges against Hamilton, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges. See Heck, 512 U.S. at ___, 114 S.Ct. at 2368, 2374 (holding that allegation of knowing destruction of exculpatory evidence necessarily implied invalidity of conviction and sentence). Thus, Heck also bars this claim unless Hamilton proves that his convictions or sentences have been reversed,

expunged, invalidated, or otherwise called into question. Since Hamilton has not made such a showing, this claim is legally frivolous.

Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996); see also White v. Fox, 294 Fed. App'x 955, 958 (5th Cir. 2008); Abdul v. Normand, Civ. Action Nos. 10-3196, 10-4031, and 10-4452, 2011 WL 2550702, at *3-4 (E.D. La. June 27, 2011). In that plaintiff's criminal conviction and sentence remain in force, his claims for the destruction of legal materials necessary for his criminal defense should be dismissed with prejudice to their being asserted again until the Heck conditions are met.[1]

### III. Claims Based on Destruction of Non-Legal Materials and Other Personal Property

The defendants do not address in their motion plaintiff's remaining claims concerning the destruction of his non-legal materials and other personal property. Nevertheless, those claims should be dismissed *sua sponte* for the following reasons.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[2] the undersigned recommends that, for the following reasons, plaintiff's remaining claims concerning the destruction of his non-legal materials

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

and other personal property present no cognizable federal issue and therefore should be dismissed as frivolous and for failure to state a claim on which relief may be granted.

In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all.

It is of no consequence whether plaintiff is alleging that he was deprived of his property through negligence or an intentional act, because "in neither instance does he state a valid § 1983 action for deprivation of property." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). If plaintiff is claiming negligence, his claims are barred by Daniels. If he is claiming intentional conduct, the claims are barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, 61 Fed. App'x 919 (5th 2003); Arnold v. Inmate Accounts, 48 Fed. App'x 105 (5th Cir. 2002); Odom v. St. Tammany Parish S.O., Civ. Action No. 09-0109, 2009 WL 1147925, at *3 (E.D. La. Apr. 28, 2009). Claims foreclosed by the Parratt/Hudson doctrine are properly dismissed as frivolous and for failure to state a claim on which relief may be granted. Jackson v. Maes, 392 Fed. App'x 317, 318 (5th Cir. 2010); Robinson v. Robledo, 209 Fed. App'x 432 (5th Cir. 2006); Cochran v. Baldwin, 196 Fed.

App'x 256, 257 (5th Cir. 2006); Henry v. Stalder, No. Civ. Action No. 06-0305, 2006 WL 1766558, at *6-7 (W.D. La. June 23, 2006).³

That said, the Court takes particular care to note that its opinion in this matter should not be interpreted as one approving of the indiscriminate and wholesale destruction of inmate property. Plaintiff alleges, and the defendants do not seem to dispute, than a considerable amount of personal property, including religious items and irreplaceable mementos, were simply taken and destroyed during the shakedown.  While a clean, clutter-free dorm is a laudable goal, the arguably heavy-handed manner in which it was achieved in this case seems unduly harsh and unreasonable.  While the Court acknowledges that prison officials are better equipped than judges to know what measures best achieve prison order and discipline, it is difficult to imagine how the seemingly unnecessary destruction of inmates' minimal and precious personal items promotes harmony and good behavior within a prison setting.  The Court therefore urges officials at the Jefferson Parish Correctional Center to rethink the manner in which these policies are enforced.  The fact that an official has the discretion and authority to take draconian actions does not mean that he should so.⁴

---

   ³    In his federal complaint, plaintiff does not assert a state law claim for the destruction of his non-legal materials and other personal property.  However, even if he had done so, it would be subject to dismissal as well.  If a plaintiff's federal claims are dismissed, it is appropriate for a federal court to decline to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

   ⁴    **Defense counsel is hereby directed to deliver a copy of this Report and Recommendation to Sheriff Newell Normand.**

Lastly, out of an abundance of caution, the Court also notes that to the extent that plaintiff is perhaps attempting to argue that the search itself was unconstitutional, such an argument clearly has no merit. As the United States Supreme Court has explained:

> [S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and ... , accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.

Hudson v. Palmer, 468 U.S. 517, 526 (1984); see also Bell v. Wolfish, 441 U.S. 520, 557 (1979) ("It is difficult to see how the detainee's interest in privacy is infringed by the room-search rule. No one can rationally doubt that room searches represent an appropriate security measure .... And even the most zealous advocate of prisoners' rights would not suggest that a warrant is required to conduct such a search."); Gill v. Neaves, No. SA-82-CA-582, 1986 WL 15688, at *4 (W.D. Tex. Aug. 5, 1986).

Because all of plaintiff's claims are subject to dismissal for the foregoing reasons, the Court need not, and does not, address the alternate grounds for dismissal argued in the defendants' motion.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the defendants' motion for summary judgment, Rec. Doc. 53, be **GRANTED** and that plaintiff's motion for summary judgment, Rec. Doc. 56, be **DENIED**.

It is **FURTHER RECOMMENDED** that plaintiff's claims for the destruction of his legal materials be dismissed with prejudice to their being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's claims for the destruction of his non-legal materials and other personal property be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this third day of October, 2011.

								_____
								**SALLY SHUSHAN**
								**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.